# Larzalere's Appeal.[1]

If, from facts and circumstances clearly proved, a presumption is established that a note presented as a claim against a decedent's estate was an accommodation note given by decedent to claimant, the burden of proving consideration is cast upon claimant.

(Decided January 18, 1886.)

Appeal from a decree of the Orphans' Court of Philadelphia County disallowing a claim against a decedent's estate. Affirmed.

[1]NOTE.—In Wistar's Appeal, 54 Pa. 60, the burden of showing consideration of notes in favor of one who was the assignee and attorney of drawer was held to be upon payee. This principle is recognized in Neal v. Black, 177 Pa. 83, 34 L. R. A. 707, 35 Atl. 561; Miskey's Appeal, 107 Pa. 611; Darlington's Appeal, 86 Pa. 512, 27 Am. Rep. 726; Hasel v. Beilstein, 179 Pa. 560, 36 Atl. 336.

Upon the accounting of the executors of the estate of John Seddon, deceased, John Larzalere presented to the court a claim of $290 against decedent's estate. This claim consisted of a promissory note signed by Seddon in favor of Larzalere. The claim was objected to on the ground that the note was an accommodation note, given by decedent to claimant and was without consideration. Evidence was given showing that claimant and decedent were brothers-in-law, and that it had been the habit of the latter to give the former, in the course of business, his accommodation notes from time to time. That, in 1878, Seddon had requested a return to him of all such notes. That there was no evidence of any demand for payment of the note from its maturity in 1876, to the death of Seddon in 1880, and no demand had been made upon the executors since his decease, nor had they known of the existence of the note until it was presented to the court for payment. This evidence was held to cast upon claimant the burden of proving consideration, which he failed to do, and the claim was dismissed; whereupon, he appealed.

*John H. Sloan,* for appellant.—The burden of proving want of consideration is on the defendant. Conmey v. Macfarlane, 97 Pa. 361; Clarkson v. Thom, 2 Pennyp. 491.

The note imports consideration. Hartman v. Shaffer, 71 Pa. 312.

The learned judge below committed a plain mistake of fact in applying the evidence taken to the note in controversy, and the supreme court can correct such mistake. Mengas's Appeal, 19 Pa. 221; Harris's Appeal, 2 Grant Cas. 304; Speakman's Appeal, 71 Pa. 25; Coxe v. Deringer, 78 Pa. 271.

*Charles L. Lockwood* for appellees.

PER CURIAM:

We see no error in this decree. The facts and circumstances, clearly proved, establish a presumption of the invalidity of the claim, sufficient to change the burden of proof. No evidence was given to rebut that presumption; therefore,

Decree affirmed and appeal dismissed, at the costs of the appellant.